UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BILLY J. INGRAM,

        Petitioner,

v.                                                Case No. 17-cv-1252-pp

WILLIAM POLLARD,

        Respondent.

**ORDER DENYING PETITION FOR WRIT OF *HABEAS CORPUS* (DKT. NO. 1), DENYING CERTIFICATE OF APPEALABILITY AND DISMISSING CASE**

On September 15, 2017, Billy J. Ingram, who is representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his August 1, 2013 judgment of conviction in Waukesha County Circuit Court for first-degree intentional homicide, armed robbery with use of force, possession of a firearm by a felon and possession of marijuana. Dkt. No. 1. He has paid the $5.00 filing fee. This order screens the petition under Rule 4 of the Rules Governing Section 2254 Cases. Because the petitioner had a full and fair opportunity to present his Fourth Amendment claim in the state courts, the court will deny his petition and dismiss this case.

**I.**     **Background**

On June 6, 2013, a jury in Waukesha County convicted the petitioner of first-degree intentional homicide, armed robbery with use of force, possession of a firearm by a felon, and possession of marijuana. State v. Billy J. Ingram,

1

Case No. 2012CF000774, Waukesha County Circuit Court, found at https://wcca.wicourts.gov. On August 1, 2013, the petitioner was sentenced to prison until September 18, 2071 on the homicide count; sentences for all of the other counts ran concurrently with that sentence. Id. The petitioner filed a direct appeal, arguing that the trial court erred in denying his pretrial motion to suppress evidence obtained as a result of what the petitioner alleges was an illegal search and seizure, as well as challenging the sufficiency of the evidence. Dkt. No. 1 at 3. The Wisconsin Court of Appeals affirmed the judgment of conviction on November 26, 2014. Id. The Wisconsin Supreme Court denied the petition for review on April 16, 2015. Id.

On September 18, 2015, the petitioner filed a motion for post-conviction relief, arguing ineffective assistance of appellate counsel. Dkt. No. 1 at 4; Dkt. No. 1-1 at 11-12. The Waukesha County Circuit Court denied the motion on October 26, 2015. Dkt. No. 1 at 4-5. The petitioner appealed, and the Wisconsin Court of Appeals denied the petition on February 16, 2016. Id. at 5. The petitioner's exhibits confirm that he filed a petition for review with the Wisconsin Supreme Court, which was denied on June 15, 2016. Dkt. No. 1-1 at 16.

On June 18, 2016, the petitioner filed a motion for a new trial in Waukesha County Circuit Court, arguing juror bias and ineffective assistance of counsel. Dkt. No. 1 at 5-6; Dkt. No. 1-1 at 18. The court denied the motion on September 12, 2016. Dkt. No. 1 at 6. On September 29, 2016, the petitioner appealed the denial of his motion for a new trial, and the Wisconsin Court of

Appeals affirmed the circuit court's decision on August 9, 2017. Id. at 7; Dkt. No. 1-1 at 18, 25. The petitioner filed this federal *habeas* petition on September 15, 2017. Dkt. No. 1 at 1.

## II. Rule 4 Screening

### A. Standard

Rule 4 of the Rules Governing §2254 Proceedings provides:

> If it plainly appears form the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear to the court that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view of the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). If the state court denied the petition on the merits, this court can grant the petition only if the petitioner is in custody as a result of: (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court;" or (2) "a decision that was based on an unreasonable application determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

3

The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only the exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000)

B.  The Petition

In this federal *habeas* petition, the petitioner alleges that (1) officers violated his Fourth Amendment rights when they stopped and frisked him on May 30, 2012; and (2) his appellate counsel was ineffective in failing to file a motion to reconsider the court of appeals decision regarding that stop and frisk. Dkt. No. 1 at 8-9, 11.

With regard to the first issue, the petitioner alleges that on May 30, 2012, officers stopped him while he was walking home even though he did not

4

match the description of a burglary suspect. Id. at 8. The petitioner alleges that the police officers conducted a pat down search, and that despite not feeling any weapons, reached into his pocket and removed his identification. Id. It was this stop and search that led to the defendant's arrest for the charges of conviction. Id. at 8-9.

With regard to the second issue, the petitioner acknowledges that appellate counsel raised the Fourth Amendment argument on appeal, asserting that officers did not have reasonable suspicion to stop the petitioner and that the pat-down search should have ended once they determined he had no weapons. Id. at 11. Even though counsel challenged the alleged Fourth Amendment violation, however, the petitioner argues that he should have filed a motion for reconsideration after the court of appeals issued a decision that was "completely erroneous." Id.

    C.    Analysis

        1.    Fourth Amendment Claim

Generally, a court cannot grant a petitioner *habeas* relief on a Fourth Amendment claim relating to his underlying conviction. See Stone v. Powell, 428 U.S. 465, 493 (1976). A litigant can pursue a Fourth Amendment claim on collateral attack only if he can show that he was not provided a full and fair opportunity to litigate that claim in the criminal proceedings. Hampton v. Wyant, 296 F. 3d 560, 562 (7th Cir. 2002). A defendant has had an opportunity for full and fair litigation of a Fourth Amendment claim when "(1) he clearly apprised the state court of his Fourth Amendment claim along with

the factual basis for that claim, (2) the state court carefully and thoroughly analyzed the facts, and (3) the court applied the proper constitutional case law to those facts." Miranda v. Leibach, 394 F.3d 984, 997 (7th Cir. 2005) (citing Pierson v. O'Leary, 959 F.2d 1385, 1391 (7th Cir. 1992)).

The role of a federal court on *habeas* review is "not to second-guess the state court on the merits of the petitioner's claim, but rather to assure [itself] that the state court heard the claim, looked to the right body of case law, and rendered an intellectually honest decision." Monroe v. Davis, 712 F.3d 1106, 1114 (7th Cir. 2013). "It takes more than an error in the state court's analysis to surmount the Stone bar to collateral relief . . . ." Id. (citing Hampton, 296 F.3d at 563-64; Leibach, 394 F.3d at 998). Only if the error "betray[s] an unwillingness on the part of the [state] judiciary to treat [the petitioner's] claim honestly and fairly" will that error provide a basis for a merits review of a Fourth Amendment claim in a federal *habeas* case. Id.

The petition and attached exhibits demonstrate that the petitioner apprised the state courts of his Fourth Amendment claim, and that the state courts analyzed the facts and applied the proper constitutional law. He attached the state court decisions affirming his conviction. On direct appeal, the petitioner argued that the trial court erred in denying his motion to suppress because the officers did not have reasonable suspicion and the removal of his identification during the pat-down search was unconstitutional. Dkt. No. 1-1 at 4. The Wisconsin Court of Appeals found reasonable suspicion

based on the totality of the circumstance, and concluded that the extension of the stop was permissible. Id. at 6-7.

The petitioner had a second opportunity to argue these issues in his post-conviction motion, where he asserted that appellate counsel should have filed a motion to reconsider the appellate court decision. After the circuit court denied the post-conviction motion, the petitioner argued to the court of appeals that counsel should have moved for reconsideration because the appellate court:

> (1) erroneously concluded that the *Terry* stop was reasonable despite failing to consider that Ingram's description and direction of travel did not match the burglar's; (2) erroneously concluded that the pat-down was within the scope of a permissible search; (3) failed to consider the totality of the circumstances; (4) misapplied Wis. Stat. §§ 968.24, 968.25 and *State v. Flynn,* 92 Wis. 2d 427, 285 N.W.2d 710 (1979), to the circumstances of his case, and (5) considered only the facts that justified the stop-and-frisk, while disregarding those that showed it was unreasonable.

Dkt. No. 1-1 at 13-14.

The petitioner had several full and fair opportunities to litigate his Fourth Amendment claim in state court. The real meat of his argument on *habeas* review is that the appellate court misapplied the law to the facts. That is exactly the claim that this court does not have the authority to review.

### 2. Ineffective Assistance of Counsel Claim

A defendant has a right to effective assistance of appellate counsel on appeals as of right. United States v. Nagib, 844 F. Supp. 480, 481 (E.D. Wis. 1993) (citation omitted). To show that his appellate counsel was ineffective, the petitioner must show two things. First, he must show that his counsel's

7

performance was deficient, which means that he must show that his lawyer made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. (quoting Strickland v. Washington, 466 U.S. 668, 687 (1984)). Second, he must demonstrate that his lawyers deficient performance prejudiced him. Id.

The petitioner claims that his appellate lawyer should have filed a motion to reconsider the court of appeals' conclusion that the stop and search did not violate the Fourth Amendment. Dkt. No. 1 at 11. This allegation does not meet either prong of the Strickland test for ineffective assistance of counsel. A lawyer's decision not to ask a court to reconsider a decision it already has made does not constitute performance so deficient that he was not functioning as counsel. And the petitioner cannot show that his counsel's failure to file a motion to reconsider prejudiced him, because he had an opportunity for another court to correct any error—the Wisconsin Supreme Court. The petitioner appealed the court of appeals' decision to the Wisconsin Supreme Court; it denied review. The petitioner has not demonstrated that, had his appellate lawyer filed a motion to reconsider with the court of appeals, the outcome would have been different than it was when the petitioner sought review from the Wisconsin Supreme Court. The petitioner has not stated a Sixth Amendment claim.

D. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts says that whenever a district court enters a final order

that is adverse to the petitioner, it must either issue or deny a certificate of appealability. A district judge may issue a certificate of appealability only when a petitioner has made "a substantial showing of the denial of a constitutional right," 28 U.S.C. §2253(c)(2), and when "[j]urists of reason could . . . disagree" as to whether the court wrongly decided the issue, <u>Walton v. Schwochert</u>, Case No. 10-cv-117, 2010 WL 4318887 at *2 (E.D. Wis. October 25, 2010). Because <u>Stone v. Powell</u> bars the petitioner's Fourth Amendment claim, and he has not met the requirements for proving a Sixth Amendment claim, the court concludes that reasonable jurists would not disagree with those conclusions. The court declines to issue a certificate of appealability.

### III. Conclusion

The court **DENIES** the petitioner's petition for writ of *habeas corpus* under 28 U.S.C. §2254. The court **DECLINES TO ISSUE** a certificate of appealability. The court **ORDERS** that the case is **DISMISSED**.

Dated in Milwaukee, Wisconsin this 26th day of June, 2018.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**
